IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAWN WAUGH,                          )    CASE NO. 1:11CV1198
                                      )
                   Petitioner,        )    JUDGE GWIN
                                      )
            v.                        )    MAGISTRATE JUDGE VECCHIARELLI
                                      )
MARGARET BRADSHAW, Warden,            )
                                      )    **REPORT AND RECOMMENDATION**
                   Respondent.        )

        This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).  Before

the court is the petition of Shawn Waugh ("Waugh") for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 on June 10, 2011.  Waugh is in the custody of the Ohio

Department of Rehabilitation and Correction pursuant to journal entry of sentence in the

case of *State of Ohio vs. Waugh*, Case No. CR 511174 (Cuyahoga County 2008).  For the

reasons set forth below, the court should dismiss Waugh's petition.

                                        I.

        The state appellate court reviewing Waugh's conviction during his first direct appeal

found the following facts to be relevant to his case:

        {¶ 2} Waugh was indicted as follows: Counts 1 and 2, aggravated robbery (R.C.
        2911.01(A)(1) and 2911.01(A)(3), respectively), each count with one-and three-year
        firearm specifications and a forfeiture specification; Count 3, kidnapping with
        one-and three-year firearm specifications; Count 4, carrying a concealed weapon
        with a forfeiture specification; and Count 5, having a weapon while under disability

with a forfeiture specification.  The forfeiture specifications related to a Raven .25 caliber semi-automatic pistol.

{¶ 3} After negotiations with the state, Waugh withdrew his previously entered plea of not guilty to the charges and pleaded guilty to Count 1, aggravated robbery with a one-year firearm specification, and Count 5, having a weapon while under disability with a forfeiture specification.  The remaining counts were dismissed.

{¶ 4} On the day of sentencing, however, Waugh made an oral motion to withdraw his plea and the court granted the motion.  The case proceeded to a jury trial on all counts except the having a weapon while under disability, which was tried to the court. . . .

{¶ 6} The victim, Walter Williams, testified at trial that he was robbed on April 1, 2008, at approximately 12:30 p.m., outside his Bedford apartment building, the Colony Club.  He stated that as he walked out of the building he saw a man whom he did not know, but whom he later identified as Waugh, outside the building. Williams walked to his car, and as he attempted to unlock it, Waugh pointed a gun at him and said "[p]ut it down.  Give me everything." Williams put everything he had down and ran to a nearby gas station where he called the police.

{¶ 7} The police responded to the gas station and drove Williams back to the scene. Some of Williams's belongings were still there; however, his money and a duffel bag were not.  Williams stated to the police that his robber was wearing a white coat with printing and stitching, a hat, and had braids and a goatee.  Williams made a written statement to the police on the day of the incident, but it could not be located at the time of trial.  Williams identified Waugh from a police line-up about a month after the incident and made another written statement.

{¶ 8} Williams told his close friend, Joe Chapman, of the robbery the day it occurred. Chapman, who worked with Waugh, encountered Waugh at work approximately two weeks after the robbery.  The two were talking and the topic of conversation became robbery.  Chapman testified that Waugh told him he committed a robbery at gunpoint at the Colony Club apartments in Bedford.  Waugh stated that he had used a .380 gun to commit the robbery.  Chapman testified that he was aware that Waugh had a .380 gun and, in fact, Waugh had previously shown it to him.

{¶ 9} After his conversation with Waugh, Chapman told Williams that he knew who had robbed him.  The two contemplated engaging in "vigilante justice," but eventually decided against it and Chapman went to the police.

{¶ 10} Another one of Waugh's co-workers, Isaac Wilson, lived at the Colony Club apartments where the robbery occurred.  Wilson testified that he and Waugh were friendly and Waugh had visited him at his apartment on a couple of occasions. Wilson also knew Williams and Williams told Wilson about the robbery and

described the robber.  Wilson testified that he initially did not associate Waugh with the robbery, but then did when the police showed him Waugh's picture.

{¶ 11} In May 2008, the police obtained an arrest warrant for Waugh, as well as a search warrant for his apartment.  Upon arriving at the apartment to execute the warrants, the police learned from Waugh's girlfriend that they had moved to another apartment unit, and the police then obtained her consent to search it.  A white leather coat with designs stitched on it and ammunition for a .380 gun were recovered during the search of the apartment.

{¶ 12} Waugh was arrested and searched; a loaded, operable .25 caliber gun was recovered from his person.  During transport, Waugh told the police that he does "not even go into Bedford," he had only been to the Colony Club apartments once in January, and he had not been involved in a robbery.

*State v. Waugh*, 2010 WL 1796330, at *1-*2 (Ohio App. May 6, 2010).  At the close of the state's case, the state dismissed the count of kidnaping and all forfeiture specifications.  Waugh moved for dismissal of count two, aggravated robbery, and the court granted Waugh's motion.[1]

The jury found Waugh guilty of aggravated robbery as specified in count one and of carrying a concealed weapon.  The court then found Waugh guilty of having a weapon while under a disability:

{¶ 5} The jury found Waugh guilty of aggravated robbery under Count 1 and carrying a concealed weapon; the court found him guilty of having a weapon while under disability. The court sentenced him to three years on the aggravated robbery, consecutive to three years on the firearm specification, concurrent to nine months on the carrying a concealed weapon, consecutive to one year on the having a weapon while under disability, for a seven-year sentence.

---

[1]  Count 2 was an alternative count of aggravated robbery, one not involving a firearm.  Waugh argued that if the jury found that Waugh had threatened Williams with a gun in the course of the robbery, it would find him guilty of count 1 of aggravated robbery. But, Waugh continued, if the jury found that Waugh did not use a gun to threaten Williams in the course of the robbery, there was no ground for finding that Waugh robbed Williams with reckless indifference to the consequences for Williams, a finding necessary to a conviction for aggravated robbery.  The court agreed with Waugh's argument.

3

*Id.* at *1.

Waugh timely appealed his conviction and sentence.  Waugh raised three

assignments of error in his direct appeal:

First Assignment of Error:

> The state failed to produce sufficient evidence necessary to sustain
> convictions on the firearm specifications.

Second Assignment of Error:

> The defendant's conviction for aggravated robbery was against the manifest
> weight of the evidence.

Third Assignment of Error:

> The sentence imposed by the court is inconsistent with the principles and
> purposes of sentencing under the Ohio Revised Code and therefore is
> contrary to law.

On May 17, 2010, the state appellate court affirmed the judgment of the trial court.

Waugh filed a timely notice of appeal of the state appellate court's decision.  In his

memorandum in support of jurisdiction, Waugh asserted three propositions of law:

> Proposition of Law One:
> The state failed to produce sufficient evidence necessary to sustain the conviction
> on the firearm specification.
>
> Proposition of Law Two:
> The appellant['s] conviction for aggravated robbery was against the manifest weight
> of the evidence.
>
> Proposition of Law Third:
> The sentence imposed by the court is inconsistent with the principles and purposes
> of sentencing under the Ohio Revised Code and therefore is contrary to law.

(Capitalization altered from the original.)  On September 29, 2010, the Ohio Supreme Court

dismissed Waugh's appeal as not involving any substantial constitutional question.

On July 28, 2010, Waugh filed an application to open his appeal pursuant to Ohio

4

App. R. 26(B).  Waugh argued in his application that his appellate counsel had been ineffective because he failed to argue that the testimony of Chapman regarding his conversations with Waugh was improperly admitted hearsay.  On February 9, 2011, the state appellate court denied Waugh's application, finding that Chapman's statements were not hearsay because they were party admissions against interest.  The state appellate court concluded, therefore, that Waugh's appellate counsel had not been ineffective for failing to argue a meritless claim of improper admission of hearsay.

Waugh filed a timely notice of appeal of the state appellate court's February 9, 2011 decision to the Ohio Supreme Court.  In his memorandum in support of jurisdiction, Waugh asserted as his only proposition of law that his appellate counsel had been ineffective for failing to challenge the admission of Chapman's testimony as hearsay.  On May 4, 2011, the Ohio Supreme Court dismissed Waugh's appeal as not involving any substantial constitutional question.

Waugh filed in this court his petition for a writ of habeas corpus on June 10, 2011.  Waugh asserts four grounds for relief in his petition:

Ground one:  The state failed to produce sufficient evidence necessary to sustain conviction on the firearm specifications.

Ground two:  The appellant['s] conviction for aggravated robbery was against the manifest weight of the evidence.

Ground three:  The sentence imposed by the trial court [was] inconsistent with the principles and purposes of sentencing under the Ohio Revised Code [and] is contrary to law.

Ground four:  Petitioner was represented by incompetent ineffective assistance of appellate counsel on his first appeal of right in violation of his Sixth Amendment right [in the] U.S. Constitution.

(Capitalization altered from the original.)  Respondent filed an Answer/Return of Writ on

5

October 7, 2011. Doc. No. 7. Waugh filed a Traverse on November 29, 2011.[2] Doc. No. 11. Respondent filed a Reply on December 14, 2011. Thus, the petition is ready for decision.

II

*A. Jurisdiction*

The Court of Common Pleas of Cuyahoga County, Ohio sentenced Waugh. Waugh filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d). Cuyahoga County is within this court's geographic jurisdiction. This court has jurisdiction over Waugh' petition.

Respondent argues, however, that Waugh's second and third grounds for relief are not cognizable in habeas proceedings and, therefore, not within the court's subject matter jurisdiction.

1. *Ground two: Conviction for aggravated robbery was against the manifest weight of the evidence*

Waugh's second ground for relief, that his conviction for aggravated robbery was against the manifest weight of the evidence, is not cognizable in habeas proceedings.

---

[2] Waugh filed a motion to amend his petition on November 29, 2011. Doc. No. 10. The court denied that motion on February 28, 2012. *See* Doc. No. 14.

6

The due process clause of the Fourteenth Amendment requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged.  *In re Winship*, 397 U.S. 358, 363-64 (1970).  The test of whether a conviction is supported by sufficient evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  A habeas court resolves all conflicting inferences in favor of the prosecution, and does not weigh the credibility of witnesses.  *Walker v. Engle*, 703 F.2d 959, 969 (6th Cir.), *cert. denied*, 464 U.S. 962 (1983).  Any conviction based upon evidence sufficient to convince any rational trier of fact of the essential elements of the crime without a reasonable doubt offends the due process clause and may serve as grounds for habeas relief.

A claim that a conviction is against the manifest weight of the evidence differs from a claim that a conviction was based on insufficient evidence:

> With respect to sufficiency of the evidence, "'sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law."  Black's Law Dictionary (6 Ed.1990) 1433.  See, also, Crim. R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction).  In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law.  *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148.  In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.  *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.

> Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence.  *Robinson, supra,* 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149.  Weight of the evidence concerns "the

inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its *effect in inducing belief.*"  (Emphasis added.) Black's, *supra,* at 1594.

When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony.  *Tibbs,* 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.  See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*State of Ohio v. Thompkins*, 78 Ohio St. 3d 380, 387-88, 678 N.E.2d 541, 546-47 (1997).

*See also Tibbs v. Florida*, 457 U.S. 31, 37-38, 38 n.11 (1982); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

A federal court reviewing a petition for a writ of habeas corpus has no authority to re-weigh the credibility of witnesses at trial.  *Marshall v. Lonberger*, 459 U.S. 422 (1983). It is incapable, therefore, of determining whether a conviction was against the manifest weight of the evidence.  It may only determine whether a conviction was based on *sufficient* evidence.

Nevertheless, under Ohio law, a finding that a conviction was supported by the weight of the evidence subsumes a finding that the conviction was supported by sufficient evidence:

[A] determination by the Ohio Court of Appeals that the conviction was supported by the manifest weight of the evidence necessarily implies a finding that there was

8

sufficient evidence.  The Ohio Court of Appeals, for instance, has explained that " '[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency.'  Thus, a determination that a conviction is supported by the weight evidence will also be dispositive of the issue of sufficiency."  *State v. Lee,* 158 Ohio App.3d 129, 814 N.E.2d 112, 115 (2004) (citations omitted).

*Nash v. Eberlin*, 258 Fed. Appx. 761, at *3 (6th Cir. 2007).

Waugh is proceeding *pro se*.  Federal courts have long recognized that the pleadings of a *pro se* litigant must be construed liberally.  *See e.g. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").  In the Sixth Circuit, the requirement to construe the pleadings of *pro se* litigants liberally includes construing claims that a conviction was against the manifest weight of the evidence as a claim that the evidence was insufficient to support the conviction:

> Even though . . . a manifest-weight-of-the-evidence argument is a state-law argument, we interpret [petitioner's] argument to be a sufficiency of the evidence claim because the law calls for the liberal and active construction of pro se claims for relief "to encompass any allegation stating federal relief."  *Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir. 1985) (quoting *White v. Wyrick,* 530 F.2d 818, 819 (8th Cir. 1976)). . . . [T]he state court's decision on the manifest weight of the evidence subsumed a decision on the sufficiency of the evidence.  Therefore, we interpret [petitioner's] petition as a complaint that the state court erroneously found his conviction to be supported by sufficient evidence.

*Nash v. Eberlin*, 2007 WL 4438008, at *3 n.4 (6th Cir. Dec. 14, 2007); *see also Nash v. Eberlin*, 437 F.3d 519 (6th Cir. 2006).  Consequently, this court shall construe Waugh's second ground for relief, alleging a conviction against the weight of the evidence, as a claim that the conviction for aggravated robbery was based upon insufficient evidence.

> 2. *Ground three:  The sentence imposed by the trial court was inconsistent with the principles and purposes of sentencing under the Ohio Revised Code*

Waugh's third ground for relief, that his sentence was inconsistent with the principles

9

and purposes of sentencing under the Ohio Revised Code, asserts a violation of state law and fails to raise a federal claim.  In reviewing the decision of state courts, this court does not consider questions of state law:

> "[F]ederal habeas corpus relief does not lie for errors of state law."  *Lewis v. Jeffers,* 497 U.S. 764 (1990);  see also *Pulley v. Harris,* 465 U.S. 37, 41 (1984). . . .  [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Thus, whether the Ohio appellate courts erred under state law in sentencing Waugh is a question beyond the jurisdiction of this court.  For this reason, Waugh's third ground for relief should be dismissed as not within the court's subject matter jurisdiction.

B.     *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. § 2254(e)(2).  There is no need for an evidentiary hearing in the instant case.  All of Waugh's claims involve legal issues that can be independently resolved without additional factual inquiry.

C.     *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted state remedies.  *Rust v. Zent*, 17 F.3d 155, 160

(6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986).  The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Waugh has no state remedies available for his claims.  Because no state remedies remain available to him, Waugh has exhausted state remedies.

D.     *Procedural default*

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . .  not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure."  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Procedural default occurs when a petitioner fails to present fairly to the highest state court his claims in a federal constitutional context.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*,

11

459 U.S. 4 (1982).  Moreover, a failure to present a claim to the highest court in the state deprives a federal court hearing a habeas petition of jurisdiction on that issue.  *See McKeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Respondent does not argue that Waugh has procedurally defaulted his remaining grounds for relief.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.  *Carey v. Musladin*, 549 U.S. ___, 127 S. Ct. 649, 653 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000).  Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  *Carey*, 127 S. Ct., at 653.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state

12

court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result. *Id.* at 405-06.  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.  *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001).  The court will examine Waugh's remaining grounds for relief using the deferential standard applied to state court rulings on the petitioner's claims.

A.    *Ground one: Whether the state failed to produce sufficient evidence to sustain the conviction on the firearm specifications*

Waugh argues in his first ground for relief that his conviction on the firearm specifications was not supported by sufficient evidence.  According to Waugh, the state produced no evidence that the gun was operable or readily capable of being rendered operable other than the victim's testimony that Waugh displayed a gun.  Waugh contends that because he did not brandish the gun or make an explicit threat during the robbery, the state failed to produce sufficient circumstantial evidence to sustain Waugh's conviction on the firearm specifications.  Respondent denies that the evidence was insufficient.

As described earlier, the standard for determining whether the evidence produced at trial was constitutionally sufficient to sustain a conviction is "whether, after viewing the

13

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.  In determining whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, a habeas court must give deference to the state courts' decisions on two different levels:  "First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the . . . Court of Appeals' consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008).

Waugh challenges the sufficiency of the evidence supporting the firearm specification in his conviction for aggravated robbery.  Ohio Rev. Code § 2941.145(A) provides in relevant part:

> Imposition of a three-year mandatory prison term upon an offender . . . is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense.

Waugh argues that the evidence presented at trial was insufficient to support a finding that the gun that was used in the robbery was a "firearm" within the meaning of Ohio Rev. Code § 2923.11.  Under Ohio law, a "firearm" must be operable or readily capable of being rendered operable.  *See* R.C. 2923.11(B)(1).  According to Waugh, the circumstantial evidence produced at trial regarding the weapon used in the robbery was constitutionally insufficient to prove that the weapon was "operable or readily capable of being rendered operable."

The state appellate court reviewing this claim on direct appeal correctly noted that

"[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  The court then wrote the following in rejecting Waugh's argument:

> {¶ 15} The Ohio Supreme Court has held that "[a] firearm enhancement specification can be proven beyond a reasonable doubt by circumstantial evidence.  In determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm."  [*State v. Thompkins*, 78 Ohio St.3d 380, 382, 678 N.E.2d 541, 541 (1997)] at paragraph one of the syllabus;[3] see, also, *State v. Williams,* Cuyahoga App. No. 83920, 2004-Ohio-5602, ¶ 11.

> {¶ 16} Here, Williams testified that Waugh came up to him with a gun pointed at him and told him to "[p]ut it down. Give me everything."  Williams testified that he dropped everything and ran because he was scared the robber would shoot him. Further, Williams's testimony was corroborated by Chapman, who stated that Waugh told him that he robbed someone at gunpoint at the Colony Club apartments. The fact that he pointed the gun, demanded that Williams turn over his property, and was found with .380 bullets were all relevant facts sufficient to prove that Waugh was in possession of an operable firearm and, accordingly, the first assignment of error is overruled.

*Waugh*, 2010 WL 1796330 at *3.

In the present case, even without giving the state courts the double deference required by *Jackson*, the conclusion that Waugh possessed an operable firearm was reasonably justified by the evidence produced at trial.  The testimony that Waugh pointed a gun at Williams and demanded everything he had, plus the testimony that Waugh was in possession of bullets that would fit the gun described as used in the robbery, are

---

[3]   Respondent adds that in *Thompkins*, the Ohio Supreme Court found that Thompkins' pointing a gun at a teller, telling her it was a robbery, and directing her to "be quick" was sufficient under Ohio law to satisfy the burden that the firearm was operable or capable of readily being rendered operable.

15

sufficient to allow a reasonable jury to conclude that Waugh used an operable firearm in the robbery. Waugh's arguments that when he was arrested a month later he was in possession of a gun of a different caliber than the weapon used in the robbery and that he did not brandish the weapon during the robbery do not in any way preclude the reasonable conclusion that the he used an operable weapon during the robbery.

The state produced sufficient evidence at trial to allow a rational trier of fact viewing the evidence in the light most favorable to the prosecution to find that Waugh used an operable weapon during the robbery. Waugh's arguments to the contrary are not well-taken. Moreover, Waugh does not demonstrated that the state appellate court's determination that the evidence was sufficient to support a firearm specification was contrary to or involved an unreasonable application of a holding of the Supreme Court or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial. Consequently, Waugh is not entitled to habeas relief on this claim.

For these reasons, Waugh's first ground for relief should be dismissed as without merit.

B.    *Ground two: Whether sufficient evidence supported Waugh's conviction for aggravated robbery*

Waugh asserts in his second ground for relief that his conviction for aggravated robbery was not supported by the manifest weight of the evidence, which the court construes as a claim that the evidence was constitutionally insufficient to support his conviction. In asserting this claim in state court, Waugh argued that contradictions in the testimony and behavior of Williams and Chapman made their testimony not credible. In

rejecting this argument, the state appellate court wrote as follows:

{¶ 17} Waugh contends in his second assignment of error that the conviction for aggravated robbery was against the manifest weight of the evidence. Waugh cites the following in support of his contention: (1) the police officer's testimony that he did not remember Williams telling him that his duffel bag was stolen during the robbery; (2) Chapman's description of the gun used as silver and black versus Williams's description that it was silver; (3) Williams's initial description of the gun used as revolver, then later statement that he was not sure what type of gun it was versus Chapman's description that it was an automatic weapon; (4) Williams contacting the police after he "must have known that Waugh had already been arrested for the crime," to tell them that his robber was on the streets; and (5) Wilson's testimony that he initially did not consider Waugh as the possible perpetrator, and only did so after the police showed him Waugh's photo.

{¶ 18} To warrant reversal from a verdict under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Thompkins,* supra, at 387, 678 N.E.2d 541.

{¶ 19} Although we review credibility when considering the manifest weight of the evidence, the credibility of witnesses is primarily a determination for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The trier of fact is best able "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24, citing *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80-81, 461 N.E.2d 1273.

{¶ 20} Upon review, the testimony was not so incredible that the judgment must be reversed and a new trial ordered. In regard to the duffel bag, Williams testified that he told the police on the scene that the bag had been stolen. The police officer, however, testified that he did not *remember* Williams telling him about the bag; he did not deny that Williams told him, and Williams's statement from that day was lost. Furthermore, there was nothing so incredible about Williams's and Chapman's descriptions of the gun-both described it at least as being silver, and Williams testified that he did not own a gun and was not that familiar with them.

{¶ 21} Moreover, Waugh's belief that Williams contacted the police after he "must have known that Waugh had already been arrested for the crime," is speculative and unsubstantiated by the record. And there was nothing so incredible about the fact that Wilson did not initially consider Waugh as the possible perpetrator. Accordingly, on this record, the aggravated robbery conviction was not against the manifest

weight of the evidence and the second assignment of error is overruled.
*Waugh*, 2010 WL 1796330 at *3-*4.  Waugh now claims that the state appellate court's decision was insufficient and need not be given deference by this court because the state court failed to do an element-by-element analysis of whether the state produced sufficient evidence to support Waugh's conviction at trial.

In his appellate brief, Waugh made only one argument in support of his contention that his conviction was against the manifest weight of the evidence:  The testimony and behavior of Williams and Chapman made their testimony not credible.  The state appellate court addressed that argument.  As Waugh failed to make any argument in the state court that the evidence supporting his conviction was insufficient in any other respect, the court cannot now consider any argument other than Waugh's challenge to the credibility of Williams and Chapman.

Waugh's contention that the witnesses against him were not credible cannot be re-evaluated by this court.  In determining whether Waugh is entitled to habeas relief, this court must "refrain from independently judging the credibility of witnesses or weight of the evidence." *United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996).  Moreover, findings of fact made by a state court are entitled to complete deference unless directly contradicted by the evidence.  *See Norris v. Schotten*, 146 F.3d 314, 323-24 (6th Cir. 1998).  In the present case, the record contains no evidence contradicting the facts used by the trial court or the conclusions it reached regarding the credibility of Williams and Chapman.  That being the case, the trial court's determinations regarding those witnesses' credibility are entitled to this court's complete deference.  Consequently, Waugh's assertion that insufficient evidence supported his conviction because Williams and Chapman were not

credible is not well-taken.

Waugh fails to demonstrate that the state appellate court's determination that he was convicted upon sufficient evidence was contrary to or involved an unreasonable application of a holding of the Supreme Court or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at trial. Consequently, Waugh is not entitled to habeas relief on this claim.

For these reasons, Waugh's second ground for relief should be dismissed as without merit.

C.    Ground four:  Whether Waugh's appellate counsel was ineffective

Waugh contends that his appellate counsel during his direct appeal was ineffective for failing to challenge the admission of hearsay evidence in the testimony of Chapman. According to Waugh, Chapman's testimony regarding what Waugh had told Chapman about the robbery was inadmissible hearsay erroneously admitted by the court. Respondent contends that Chapman's testimony regarding what Waugh had told him was admissible under the exception for statements against interest.  Waugh's appellate counsel was not ineffective, respondent argues, because challenging Chapman's testimony as hearsay would have been futile and counter to Ohio law.

Defendants have a right to appointed counsel for the first appeal of right.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  An appellant has no constitutional right to have every nonfrivolous issue raised on appeal, *Jones v. Barnes*, 463 U.S. 745, 750-54 (1983), and tactical choices regarding issues on appeal are properly left to the sound judgment of counsel.  *United States v. Perry*, 908 F.2d 56, 59 (6th Cir.), *cert. denied*, 498 U.S. 1002 (1990).  The standard enunciated in *Strickland v. Washington*, 466 U.S. 668

(1984),  is applicable to claims of ineffective assistance of appellate counsel.  *See Bowen v. Foltz*, 763 F.2d 191, 194 n.4 (6th Cir. 1985).

Petitioner's counsel was ineffective if "counsel's conduct so undermined the proper functioning of the adversarial process that the [process] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686; *see also Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997).  Ineffective assistance of counsel has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687; *see also Groseclose*, 130 F.3d at 1167.

The first prong of this test, the showing of deficient performance, is an objective one: "[T]he proper standard for attorney performance is that of reasonably effective assistance. . . . When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness," as judged by "prevailing professional norms." *Strickland*, 466 U.S. 687-88; *see also Groseclose*, 130 F.3d at 1167.  Scrutiny of counsel's performance is highly deferential to avoid second-guessing an adverse decision.  *Strickland*, 466 U.S. at 689; *see also Groseclose*, 130 F.3d at 1167.  The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Groseclose*, 130 F.3d at 1167.

20

The second prong of the test for ineffective assistance of counsel is whether the error prejudiced petitioner:

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Strickland*, 466 U.S. at 690-91 (citations omitted); *see also Groseclose*, 130 F.3d at 1168.

In the present case, Waugh contends that his appellate counsel was ineffective for failing to argue that Chapman's testimony was erroneously admitted because it was inadmissible hearsay.  Waugh raised this claim in the state appellate court in his application to reopen his appeal.  In denying his application, the state appellate court wrote as follows:

> Waugh argues that Chapman's testimony was inadmissable hearsay, and that his appellate counsel was ineffective for not raising the issue.  However, Evidence Rule 801(D)(2) provides in pertinent part as follows:  "A statement is not hearsay if: . . . The statement is offered against a party and is (a) the party's own statement."  Thus, Chapman's testimony was an admission against interest by a party opponent and properly admitted.  Waugh's appellate counsel in the exercise of professional judgment properly declined to argue a point explicitly covered by the Rules of Evidence.

*State v. Waugh*, Slip Copy, 2011 WL 486462, at *2 (Ohio App. Feb. 9, 2011) (footnote omitted).  The state appellate court concluded that because Waugh's appellate counsel's performance did not fall below an objective standard of reasonableness in failing to object to Chapman's testimony as hearsay, Waugh did not suffer ineffective assistance of appellate counsel.

The Supreme Court has long recognized that testimony by a third party regarding a defendant's inculpatory statements are an exception to the hearsay rule and may be

21

introduced in court as an admission against interest.  *See On Lee v. United States*, 343 U.S. 747, 755-56 (1952).  This exception arose under common law, and both Ohio and the federal courts recognize the exception.  *See* Ohio Evid. R. 801(D)(2); Fed. Evid. R. 804(b)(3). Consequently, Waugh's appellate counsel was not ineffective for failing to argue that the trial erred in admitting Chapman's testimony regarding Waugh's statement.  The state appellate court's determination that Chapman's testimony regarding Waugh's statement was admissible is not contrary to or an unreasonable application of a holding of the Supreme Court.  Because Waugh fails to prove the first prong of the test for ineffective assistance of appellate counsel, objectively unreasonable performance, there is no need to examine the second prong of the test, prejudice.

Neither the admission of Chapman's testimony at trial nor the state appellate court's rejection of Waugh's claim of ineffective assistance of appellate counsel were contrary to or involved an unreasonable application of a holding of the Supreme Court.  Waugh is not entitled to habeas relief on his claim of ineffective assistance of appellate counsel.  For these reasons, Waugh's fourth ground for relief should be dismissed as without merit.

IV.

For the reasons given above, Waugh's third ground for relief should be dismissed as outside this court's subject matter jurisdiction.  Waugh's first, second, and fourth grounds for relief should be dismissed as without merit.  Thus, Waugh's petition should be dismissed with prejudice.


Date:  March 5, 2012                              /s/ Nancy A. Vecchiarelli
                                                         United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**