UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
SHAWN WAUGH, :
: CASE NO. 1:11-cv-1198
Petitioner, :
:
v. : OPINION & ORDER
: [Resolving Docs. 1, 15, 18.]
MARGARET BRADSHAW, Warden, :
:
Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Shawn Waugh brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks relief from his convictions in Ohio common pleas court for aggravated robbery and carrying a concealed weapon.[1] On March 5, 2012, Magistrate Judge Vechiarelli issued a Report and Recommendation recommending that this Court deny Waugh's petition.[2] Waugh objects to the Report and Recommendation and says that it misconstrues his petition.[3] For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Waugh's petition.

## I. Background

A Cuyahoga County, Ohio, jury convicted Waugh of carrying a concealed weapon and

---

[1] [Doc. 1.]

[2] [Doc. 15.]

[3] [Doc. 18.]

Case No. 1:11-cv-1198
Gwin, J.

aggravated robbery, and the court found him guilty of having a weapon under disability.[4] The Ohio Court of Appeals outlined the facts of the case:

> {¶ 5} The jury found Waugh guilty of aggravated robbery under Count 1 and carrying a concealed weapon; the court found him guilty of having a weapon while under disability. The court sentenced him to three years on the aggravated robbery, consecutive to three years on the firearm specification, concurrent to nine months on the carrying a concealed weapon, consecutive to one year on the having a weapon while under disability, for a seven-year sentence.
>
> {¶ 6} The victim, Walter Williams, testified at trial that he was robbed on April 1, 2008, at approximately 12:30 p.m., outside his Bedford apartment building, the Colony Club. He stated that as he walked out of the building he saw a man whom he did not know, but whom he later identified as Waugh, outside the building. Williams walked to his car, and as he attempted to unlock it, Waugh pointed a gun at him and said "[p]ut it down. Give me everything." Williams put everything he had down and ran to a nearby gas station where he called the police.
>
> {¶ 7} The police responded to the gas station and drove Williams back to the scene. Some of Williams's belongings were still there; however, his money and a duffel bag were not. Williams stated to the police that his robber was wearing a white coat with printing and stitching, a hat, and had braids and a goatee. Williams made a written statement to the police on the day of the incident, but it could not be located at the time of trial. Williams identified Waugh from a police line-up about a month after the incident and made another written statement.
>
> {¶ 8} Williams told his close friend, Joe Chapman, of the robbery the day it occurred. Chapman, who worked with Waugh, encountered Waugh at work approximately two weeks after the robbery. The two were talking and the topic of conversation became robbery. Chapman testified that Waugh told him he committed a robbery at gunpoint at the Colony Club apartments in Bedford. Waugh stated that he had used a .380 gun to commit the robbery. Chapman testified that he was aware that Waugh had a .380 gun and, in fact, Waugh had previously shown it to him.
>
> {¶ 9} After his conversation with Waugh, Chapman told Williams that he knew who had robbed him. The two contemplated engaging in "vigilante justice," but eventually decided against it and Chapman went to the police.
>
> {¶ 10} Another one of Waugh's co-workers, Isaac Wilson, lived at the Colony Club apartments where the robbery occurred. Wilson testified that he and Waugh were

---

[4] *State v. Waugh*, 2010 Ohio 1976 (Ohio Ct. App. May 6, 2010).

-2-

Case No. 1:11-cv-1198
Gwin, J.

friendly and Waugh had visited him at his apartment on a couple of occasions. Wilson also knew Williams and Williams told Wilson about the robbery and described the robber. Wilson testified that he initially did not associate Waugh with the robbery, but then did when the police showed him Waugh's picture.

{¶ 11} In May 2008, the police obtained an arrest warrant for Waugh, as well as a search warrant for his apartment. Upon arriving at the apartment to execute the warrants, the police learned from Waugh's girlfriend that they had moved to another apartment unit, and the police then obtained her consent to search it. A white leather coat with designs stitched on it and ammunition for a .380 gun were recovered during the search of the apartment.

{¶ 12} Waugh was arrested and searched; a loaded, operable .25 caliber gun was recovered from his person. During transport, Waugh told the police that he does "not even go into Bedford," he had only been to the Colony Club apartments once in January, and he had not been involved in a robbery.[5]

The Ohio Court of Appeals affirmed Waugh's convictions and sentence.[6]

Waugh then filed the instant petition for a writ of habeas corpus. With his petition, he says, first, that the state produced insufficient evidence to sustain his conviction for firearm specifications, second, that his conviction was against the manifest weight of the evidence, third, that his sentence was contrary to Ohio law, and, fourth, that he received ineffective assistance of counsel during his appeal.[7] The Warden says that Waugh's second and third claims for relief are not cognizable on habeas and that his first and fourth claims are without merit.[8]

The case was referred to a Magistrate Judge pursuant to Local Rule 72.2(b)(2). Magistrate Judge Vechiarelli issued a Report and Recommendation and recommended that Waugh's petition

---

[5] *Waugh*, 2010-Ohio-1976.

[6] *Id.*

[7] [Doc. 1.]

[8] [Doc. 7 at 7-9.]

-3-

Case No. 1:11-cv-1198
Gwin, J.

be denied.[9] Specifically, Magistrate Judge Vechiarelli first recommended that there was sufficient evidence to sustain Waugh's conviction.[10] Second, she recommended that Waugh's weight-of-the-evidence claim should be construed as an insufficient evidence claim (because against the weight of the evidence is a state-law claim not cognizable on habeas), and denied because there was sufficient evidence to support Waugh's conviction.[11] Third, she said that Waugh's sentence challenge is not cognizable on habeas.[12] Finally, she said that Waugh's counsel was not unconstitutionally ineffective.[13] Waugh objects to all except the third of these determinations.

## II. Legal Standard

### A. Federal Magistrates Act

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1).

### B. The Antiterrorism and Effective Death Penalty Act

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[14] governs a federal court's review of a state prisoner's habeas corpus petition. AEDPA limits federal review to only those claims in which a petitioner contends that he is in custody in violation of the Constitution,

---

[9] [Doc. 15.]

[10] [Doc. 15 at 16.]

[11] [Doc. 15 at 18-19.]

[12] [Doc. 15 at 16-19.]

[13] [Doc. 15 at 19-22.]

[14] Pub. L. No. 104-132, 110 Stat. 1214 (1996); codified at 28 U.S.C. § 2254.

-4-

Case No. 1:11-cv-1198
Gwin, J.

laws, or treaties of the United States.[15] And a federal court cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[16]

To justify any grant of habeas relief, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision."[17] Furthermore,

> under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.[18]

The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still should not grant relief unless it also finds that the state court ruling was unreasonable.[19]

### III. Analysis

Waugh objects to the Magistrate Judge's Report and Recommendation recommending that his claims for habeas relief be denied. First, he says that Ohio required proof that the firearm used

---

[15] 28 U.S.C. § 2254(a).

[16] 28 U.S.C. § 2254(d). *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

[17] *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[18] *Williams*, 529 U.S. at 412-13.

[19] *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

Case No. 1:11-cv-1198
Gwin, J.

in the burglary was operable but failed to offer sufficient evidence.[20] Second, he says that "[g]rounds,2 [sic] and 4 must be argued and viewed in conjunction."[21] He seems to suggest that his appellate counsel rendered ineffective assistance by failing to argue that his conviction was against the manifest weight of the evidence and by failing to exclude hearsay evidence to support this argument.[22] Finally, he says that he received the ineffective assistance of counsel when his counsel failed to adequately argue his weight-of-the-evidence claim.[23] Waugh appears to abandon his challenge to his sentence. The Court considers Waugh's claims.

**A. Insufficient Evidence**

Waugh first says that "the state failed to produce sufficient evidence necessary to sustain conviction on the firearm specification."[24] The Magistrate Judge considered this claim and recommended that "[t]he testimony that Waugh pointed a gun at Williams and demanded everything he had, plus the testimony that Waugh was in possession of bullets that would fit the gun described as used in the robbery, are sufficient to allow a reasonable jury to conclude that Waugh used an operable firearm in the robbery."[25] Waugh objects that this testimony and evidence "does not establish the operability of the gun" and that "the Court must look to Waugh['s] action over the control of the firearm."[26]

---

[20] [Doc. 18 at 2.]

[21] [Doc. 18 at 5.]

[22] [Doc. 18 at 8-9.]

[23] [Doc. 18 at 12-13.]

[24] [Doc. 1 at 4.]

[25] [Doc. 15 at 16-23.]

[26] [Doc. 18 at 3.]

-6-

Case No. 1:11-cv-1198
Gwin, J.

AEDPA requires this Court to "apply two layers of deference in reviewing habeas claims challenging evidentiary sufficiency."[27]

> First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. *See United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir.1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. *See* 28 U.S.C. § 2254(d)(2).[28]

That is, the Court asks "whether the Ohio Court of Appeals itself was unreasonable in its conclusion that a rational trier of fact could find [Waugh] guilty beyond a reasonable doubt based upon the evidence introduced at trial."[29]

The Court finds the Ohio Court of Appeals's determination was not unreasonable. The Ohio Court of Appeals reasoned as follows:

> {¶ 15} The Ohio Supreme Court has held that "[a] firearm enhancement specification can be proven beyond a reasonable doubt by circumstantial evidence. In determining whether an individual was in possession of a firearm and whether the firearm was operable or capable of being readily rendered operable at the time of the offense, the trier of fact may consider all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm." *Id.* at paragraph one of the syllabus; s*ee, also, State v. Williams*, Cuyahoga App. No. 83920, 2004-Ohio-5602, ¶ 11.
>
> {¶ 16} Here, Williams testified that Waugh came up to him with a gun pointed at

---

[27] *Moreland v. Bradshaw*, 699 F.3d 908, 916 (6th Cir. 2012).

[28] *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

[29] *Id.*

Case No. 1:11-cv-1198
Gwin, J.

> him and told him to "[p]ut it down. Give me everything." Williams testified that he dropped everything and ran because he was scared the robber would shoot him. Further, Williams's testimony was corroborated by Chapman, who stated that Waugh told him that he robbed someone at gunpoint at the Colony Club apartments. The fact that he pointed the gun, demanded that Williams turn over his property, and was found with .380 bullets were all relevant facts sufficient to prove that Waugh was in possession of an operable firearm . . . ."[30]

Waugh does not contest that this evidence was presented to the jury. He seems instead to suggest that the jury should not have believed that he used a .380 in the robbery, and, that therefore, there was no evidence that the handgun was operable. This seems to misunderstand the logic of the state appellate court. The state appellate court reasoned that the jury could have found based on Waugh's actions — his threat to Williams and subsequent confession to Chapman — that he was using an operable firearm. Moreover, the state appellate court reasoned that the jury could have found that the bullets in Waugh's possession belonged to the gun and further supported the finding that the pistol was operable the night of the robbery. Waugh correctly argues that the jury could have refused to draw these inferences. But, it did not. Instead, the jury found that the gun was operable. Ohio does not require the state demonstrate the firearm's operability by direct evidence, such as by firing it; rather, "such proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime."[31] Such was the evidence the jury considered here.

**B. Manifest Weight of the Evidence**

Waugh next says that his "[c]onviction for aggravated robbery was against the manifest

---

[30] *Waugh*, 2010-Ohio-1976.

[31] *State v. Murphy*, 551 N.E.2d 932, 935 (1990).

Case No. 1:11-cv-1198
Gwin, J.

weight of the evidence."[32] The Magistrate Judge recommended interpreting this claim as an insufficient evidence claim because AEDPA generally stops this Court from considering state-law bases for relief, such as a claim that the conviction is against the manifest weight of the evidence.[33] Waugh now objects that "Ground,2 (sic) and 4 must be argued and viewed inconjunction (sic) with each other."[34] Waugh elaborates that had his appellate attorney raised this argument "before the State's court of Appeals there is a reasonable probability the court of appeals would had [sic] reverse waugh [sic] conviction or order a new trial."[35] While this version of Waugh's claim may not have been fairly presented in his traverse, the Court nonetheless assesses Waugh's argument as he presents it in his objections.

To show ineffective assistance of counsel, a convicted party must establish both "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for that deficiency, the outcome of the proceeding would have been different."[36] A "reasonable probability is a probability sufficient to undermine confidence in the outcome."[37]

The Court disagrees with Waugh's claim that his appellate counsel should have argued before the state court of appeals that his conviction was against the manifest weight of the evidence, and that had his counsel done so, the court would have reversed his conviction or ordered him a new

---

[32] [Doc. 1 at 4.]

[33] [Doc. 15 at 7-9.]

[34] [Doc. 18 at 5.]

[35] [Doc. 18 at 10-11.]

[36] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[37] *Id.*

Case No. 1:11-cv-1198
Gwin, J.

trial. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony.'"[38] Yet Waugh points to no conflicting testimony. Instead, his objection is to, in his view, "unsupported and uncorroborated testimony."[39] Even assuming arguendo that the testimony was unsupported and uncorroborated, these characterizations do not equate to "conflicting." Thus a reasonable attorney would not have argued that it did, and the state court of appeals would not have so found. Counsel's performance was not deficient and there was no resulting prejudice.

**C. Sentencing**

Third, Waugh says that "the sentence imposed by the trial court [is] inconsistent with the principles and purposes of sentencing under the ohio revised code [and] is contrary to law."[40] The Magistrate Judge recommended that any claim that the sentence is inconsistent with Ohio law is a state law matter not properly cognizable on habeas.[41] Waugh does not appear to object to this recommendation. Moreover, the Court having independently considered this claim agrees that AEDPA blocks habeas review. Under 28 U.S.C. § 2254, habeas relief only lies where a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner's fleeting attempts to federalize his claim by citation to *United States v. Booker*, 543 U.S. 220 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and suggestion that his sentence is contrary to the

---

[38] *State v. Thompkins*, 678 N.E.2d 541, 546-47 (1997).

[39] [Doc. 18 at 9.]

[40] [Doc. 1 at 5.]

[41] [Doc. 15 at 10.]

Case No. 1:11-cv-1198
Gwin, J.

Fourteenth Amendment are unavailing. Waugh's claims do not deal with the Federal Sentencing Act (as Booker's did) or penalty enhancements beyond a prescribed statutory maximum (as did Apprendi's). Thus his case is not an instance of "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[42]

**D. Ineffective Assistance of Appellate Counsel**

With his final claim for relief, Waugh says that he "was represented by incompetent [and] ineffective assistance of appellate counsel on his first right of appeal inviolation [sic] of his sixth amendment right."[43] Waugh says that his counsel "omitted from the appeal obvious United States Constitutional violation issues that render the appeal unreliable and prevented reversal of the petitioner['s] conviction."[44] Waugh contends that his counsel should have objected to Chapman's testimony about Waugh's inculpatory statements, which would have left either insufficient evidence to convict him or rendered the verdict against the manifest weight of the evidence.[45]

Waugh's argument again fails both *Strickland* prongs. Under Ohio law, a criminal defendant's own statements are not hearsay.[46] Thus Waugh's counsel was not deficient in failing to exclude such statements, and raising such issues at trial would not have altered the outcomes of his attempts to claim insufficient evidence or a verdict against the manifest weight of the evidence.

---

[42] 28 U.S.C. § 2254(d)(1).

[43] [Doc. 18 at 5.]

[44] [Doc. 11 at 21.]

[45] [Doc. 11 at 25.]

[46] Ohio Evid. R. 801(D)(2). Moreover, the hearsay rule has no independent constitutional significance. *See Crawford v. Washington*, 541 U.S. 36, 51 (2004).

-11-

Case No. 1:11-cv-1198
Gwin, J.

### IV. Conclusion

For the foregoing reasons, this Court **ADOPTS** the Report and Recommendation of Magistrate Judge Vechiarelli and **DENIES** Petitioner Waugh's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that no basis exists upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Dated: May 17, 2013              s/    *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE